**WORLEY, Appellant,**

v.

**CLEVELAND PUBLIC POWER, Appellee.**

[Cite as *Worley v. Cleveland Pub. Power* (1991), 77 Ohio App.3d 51.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 58796.

Decided Sept. 3, 1991.

*Seymour R. Brown & Assoc.* and *Seymour R. Brown,* for appellant.
*Joseph J. Jerse,* Assistant Director of Law, for appellee.

PATRICIA A. BLACKMON, Judge.

Plaintiff-appellant, Connie Worley, appeals the trial court's decision granting the motion for summary judgment of defendant-appellee, Cleveland Public Power. For the reasons stated below, we affirm.

The appellant filed a complaint in negligence alleging that the appellee breached its duty of care in maintenance of its wires and pole, and that its breach of duty was the proximate cause of her injuries. The appellee filed an answer denying the allegations of the appellant. Appellee also asserted the affirmative defenses that it was not subject to suit, that other persons, not parties to this action, negligently installed, maintained and removed electric wires, and that the appellant's negligence was the proximate cause of her injuries. The appellant filed an amended complaint adding Ohio Bell Telephone as a defendant, and the appellee filed an answer to the amended complaint. At the completion of discovery, the appellant was granted a voluntary dismissal of Ohio Bell Telephone as a defendant. The case was sent to an arbitration panel which found for the appellee. The appellant objected to the arbitrators' recommendation, and the case was set for trial.

Consequently, the appellee moved for summary judgment, which was granted over the objection filed by the appellant.

The facts of this case reveal that the appellee has 28,575 utility poles, including the one in question, which is located in a residential area on public property at West 45th Street and Prague Avenue. Ohio Bell Telephone also had wires on the pole in question, hereinafter, "the pole." The pole was constructed in the 1970's with the purpose of providing electricity.

The appellee is responsible for its poles and wires; however, the wires in question in this case were not installed or maintained by the appellee. The appellee does not know who owned or installed the wires.

The appellee first learned of the wires on February 20, 1986, when notified by the police. The appellee did not warn anyone of the wires' existence, but removed them immediately. It appears from the record that no work was done on the pole before or after the February 20, 1986 inspection. The record reveals that the pole had not been inspected for ten years prior to 1986.

The appellee found the wires protruding outward from the pole. They were aluminum insulated wires, which are the type usually attached for secondary voltage of less than 600 volts. The appellee indicated that the wires appeared to be installed by highway construction contractors without the knowledge of appellee.

The appellee asserted that its utility poles do not require regular inspection. However, wires occasionally become loose or broken. In 1985, wires were reported down 801 times: 605 were the appellee's wires, 128 were Ohio Bell Telephone's wires, and 68 were Cleveland Electric Illuminating Company's wires. The appellee's "Trouble Crew" inspected wires upon receiving a complaint and then made the necessary repairs.

Eighty-one claims were made against the appellee in 1985, but it is not known how many of them were of a personal injury nature.

The appellant became entangled in the wires, fell to the ground and injured herself. At the time she became entangled, she was being chased by stray dogs. She was running away from the animals and looking over her shoulder at them. She fell on the wires while running on a well-traveled path through the grass, but was not watching where she was going. She was not on the sidewalk, street, or nearby driveway and has no knowledge of the wires extending onto those areas.

On these facts, the trial court granted the appellee's motion for summary judgment. Appellant timely appeals.

Appellant's sole assignment of error states:

"The trial court erred in granting summary judgment for defendant because genuine issues of material fact existed sufficient to preclude judgment for the moving party as a matter of law."

Civ.R. 56(C) provides, in pertinent part, that:

"A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."

A review of a summary judgment requires that the moving party show no genuine issue exists as to any material fact. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46.

The appellant argues that there are four questions of material fact that do not allow summary judgment: (1) constructive notice, (2) ownership or control of the wires, (3) application of the public duty doctrine, and (4) contributory negligence.

The appellant's argument on the issue of contributory negligence is unpersuasive. This court has held that contributory negligence requires

evidence which clearly shows a reasonably prudent person knew or should have known of the existence of electrical wires and recognized their dangerous propensities. *Lazar v. Cleveland Elec. Illum. Co.* (1975), 43 Ohio St.2d 131, 72 O.O.2d 74, 331 N.E.2d 424.

In the instant case, the appellee did not know of the wires' existence; thus, the court could not properly grant summary judgment on this issue.

■ The appellant also argues that the public duty doctrine does not apply to municipalities in the operation of utilities. We agree. The public duty doctrine only applies to a municipalities' duty to enforce the laws. See, *e.g., Mitchell v. Cleveland* (Jan. 15, 1987), Cuyahoga App. No. 51602, unreported, 1987 WL 5471, affirmed (1988), 37 Ohio St.3d 234, 525 N.E.2d 483. Operating a utility is not a duty imposed by law. Once a municipality engages in certain activities, it is held liable, the same as private corporations and persons, for the negligence of employees and agents in the performance of the activities.[1] *Enghauser Mfg. Co. v. Eriksson Engr. Ltd.* (1983), 6 Ohio St.3d 31, 6 OBR 53, 451 N.E.2d 228, paragraph two of the syllabus. Therefore, the public duty doctrine is not a question of fact and as a standard for duty of care is not applicable to the case *sub judice.*

The appellant's two remaining questions of fact, ownership or control of wires and constructive notice, raise the issue of foreseeability. The ownership or control of wires is not in dispute: the wires did not belong to appellee. A trial court properly relies only on evidence submitted in accordance with Civ.R. 56(C) and (E) in ruling on a summary judgment motion. *Biskupich v. Westbay Manor Nursing Home* (1986), 33 Ohio App.3d 220, 515 N.E.2d 632. The fact that the wires did not belong to appellee, while not dispositive of any issue, is probative evidence of the lack of notice.

■ Constructive notice, according to appellant, requires appellee to inspect its poles on a regular basis, thereby being notified of any hazards. We disagree. Constructive notice cannot be proved without a factual basis that the hazard existed for a sufficient time to enable the exercise of ordinary care. *Powers v. First Natl. Supermarkets* (June 13, 1991), Cuyahoga App. No. 61005, unreported, 1991 WL 106060, citing, *Anaple v. Standard Oil Co.* (1955), 162 Ohio St. 537, 55 O.O. 424, 124 N.E.2d 128. In the instant case,

---

**1.** R.C. Chapter 2744, "Political Subdivision Tort Liability," is not applicable to the case, *sub judice,* because the cause of action occurred on November 18, 1985, two days prior to its effective date.

there is no evidence of how the wires were a hazard prior to the appellant's accident.

The complete lack of notice and the fact that the wires did not belong to the appellee demonstrate that there is no genuine issue of material fact as to the foreseeability of the hazard. While power companies are " 'bound to exercise the highest degree of care consistent with * * * practical operation,' " liability still depends on foreseeability. *Dolata v. Ohio Edison Co.* (1981), 2 Ohio App.3d 293, 294–295, 2 OBR 324, 326, 441 N.E.2d 837, 839. The Ohio Supreme Court, in *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St.3d 75, 77, 15 OBR 179, 180–181, 472 N.E.2d 707, 710, stated:

"The test for foreseeability is whether a reasonably prudent person would have anticipated that an injury was likely to result from the performance or nonperformance of an act. * * * The foreseeability of harm usually depends on the defendant's knowledge. * * *"

In the instant case, the wires did not belong to the appellee, nor did appellee have actual notice of their existence. Moreover, there is no evidence as to how long the wires were a hazard, nor was there any evidence that other unauthorized wires existed on the appellee's poles. The hazard created by the wires was unforeseeable.

Thus, given that there is no issue of material fact as to the foreseeability of the appellant's accident, the trial court properly granted summary judgment in favor of the appellee. Appellant's sole assignment of error is not well taken.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

KRUPANSKY, C.J., and DYKE, J., concur.