This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Kelly Owen, appeals the decision of the Summit County Court of Common Pleas, which granted summary judgment in favor of appellee, Ohio Water Parks, Inc., dba Dover Lake Park ("Dover Lake"). This Court affirms.
 I. {¶ 2} On July 12, 1999, Appellant went to Dover Lake Park with her husband, their two children, their friend Marina Supica ("Supica"), her husband and their two children. After taking the children on some rides, Appellant and Supica went to ride some of the water slides. Appellant and Supica picked up mats from a basket at the bottom of the slides and ascended the steps to the top of the slides. Appellant and Supica decided to descend down the slide named Thunder Alley.
 {¶ 3} Appellant went down the slide first. Supica waited a couple of minutes after Appellant started down the slide before she descended. As Appellant was descending down the slide, she observed a mat stuck on the slide. Appellant collided with the mat. The collision caused the mat to hit a piece of metal that connects the pipes of the slide. Three quarters of the metal connector became dislodged from the pipe. Both of Appellant's legs struck the piece of metal. As Appellant was trying to smooth the metal down, Supica came down the slide and collided with Appellant. When both Appellant and Supica reached the bottom of the slide, they reported the incident to the attendant. Both Appellant and Supica sustained injuries as a result of the accident. Appellant, however, sustained serious and permanent injuries.
 {¶ 4} Appellant filed a personal injury claim in the Summit County Court of Common Pleas. Appellee then filed a motion for summary judgment. Appellant filed a motion in opposition to Appellee's motion for summary judgment, asserting that summary judgment was improper because the affidavit attached to Appellee's motion for summary judgment was defective. Specifically, Appellant argued that the affidavit of Glenn Rickon, Appellee's general manager, was not made from his personal knowledge. The trial court struck Rickon's affidavit and granted Appellee thirty days "to secure the affidavit testimony of an individual(s) with personal knowledge necessary to satisfy Civ.R. 56(E)." Appellee submitted a supplemental affidavit on March 21, 2002. The trial court then granted summary judgment in favor of Appellee.
 {¶ 5} Appellant timely appealed, setting forth three assignments of error for review.
 II. FIRST ASSIGNMENT OF ERROR {¶ 6} "THE TRIAL COURT ERRED BY ALLOWNG APPELLEE TO FILE AN AFFIDAVIT WHEN APPELLEE DID NOT EVEN REQUEST LEAVE TO DO SO."
 {¶ 7} In Appellant's first assignment of error, she argues that the trial court erred by allowing Appellee to file the affidavit of Suzanne Richmond when Appellee did not request leave to do so. This Court disagrees.
 {¶ 8} In support of its motion for summary judgment, Appellee attached the affidavit of Glenn Rickon, the general manager for Dover Lake. In her motion in opposition to Appellee's motion for summary judgment, Appellant argued that Rickon's affidavit should be stricken for lack of personal knowledge because he did not actually inspect Thunder Alley on the day in question in this appeal. The trial court struck Rickon's affidavit, but gave Appellee thirty days "to secure the affidavit testimony of an individual(s) with personal knowledge necessary to satisfy Civ.R. 56(E)."
 {¶ 9} Civ.R. 56(E) states, in pertinent part: "The court may permit affidavits to be supplemented or opposed by depositions or byfurther affidavits." (Emphasis added.) "The trial court has broad discretion in the admission of evidence and unless it has clearly abused its discretion and the defendant has been materially prejudiced thereby, an appellate court should not disturb the decision of a trial court."State v. Joseph (1995), 73 Ohio St.3d 450, 460, citing State v. Maurer (1984), 15 Ohio St.3d 239, paragraph seven of the syllabus. This Court concludes that the trial court did not err in allowing Appellee to submit the affidavit of Suzanne Richmond. Appellant's first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR {¶ 10} "THE TRIAL COURT ERRED IN CONSIDERING AN INSPECTION REPORT WHICH WAS NEVER FILED OR MADE PART OF THE RECORD."
 {¶ 11} In her second assignment of error, Appellant avers that the trial court erred in considering the inspection report that was attached as an exhibit to Rickon's affidavit. This Court disagrees.
 {¶ 12} Suzanne Richmond's affidavit states:
 {¶ 13} "11. The results of the July 12, 1999 morning inspection of Thunder Alley are accurately depicted in Exhibit `1' attached to my affidavit. The morning inspection report is a photocopy of the true and actual morning inspection report of July 12, 1999."
 {¶ 14} However, a review of the record reveals that there is no inspection report attached to Richmond's affidavit. Furthermore, Appellant states that it was not served with an inspection report when Richmond's affidavit was filed on March 21, 2002. Therefore, Appellant argues that "[t]he trial court clearly relied upon the Richmond affidavit and supporting report never filed in reaching its decision to grant summary judgment." However, the trial court's entry clearly states that it based its decision upon the affidavit of Suzanne Richmond, not the July 12, 1999 inspection report. There is no evidence in the record to suggest that the trial court considered the inspection report when reaching its decision. Appellant's second assignment of error is overruled.
 THIRD ASSIGNMENT OF ERROR {¶ 15} "NOTWITHSTANDING THE TRIAL COURT'S ASSISTANCE TO APPELLEE IN ITS SUMMARY JUDGMENT ACTION, THE TRIAL COURT ERRED IN GRANTING SAME IN FAVOR OF APPELLEE."
 {¶ 16} In her third assignment of error, appellant challenges the trial court's award of summary judgment in favor of appellee.
 {¶ 17} Pursuant to Civ.R. 56(C), summary judgment is proper if:
 {¶ 18} "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc.
(1977), 50 Ohio St.2d 317, 327.
 {¶ 19} Appellate review of a lower court's entry of summary judgment is de novo, applying the same standard used by the trial court.McKay v. Cutlip (1992), 80 Ohio App.3d 487, 491. The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 293. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion.Id. Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id. "[T]he nonmoving party may not rest upon the mere allegations and denials in the pleadings" but instead must point to or submit some evidentiary material that shows a genuine dispute over the material facts exists. Henkle v. Henkle (1991), 75 Ohio App.3d 732, 735.
 {¶ 20} In order to establish a negligence claim against Appellee, Appellant must show 1) the existence of a duty, 2) a breach of the duty, and 3) an injury proximately caused by the breach. Menifee v. OhioWelding Products, Inc. (1984), 15 Ohio St.3d 75, 77. Furthermore, Appellant must prove each of the elements of negligence by direct evidence. Parras v. Std. Oil Co. (1953), 160 Ohio St. 315, 319.
 {¶ 21} In the case sub judice, appellant was an invitee at appellee's water park. Therefore, Appellee had a duty of ordinary and reasonable care to keep the premises in a reasonably safe condition.Paschal v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203. A business owner must warn business invitees of latent or concealed defects of which the owner has or should have knowledge. Porter v. K-Mart Corp. (July 31, 1996), 9th Dist. No. 17608.
 {¶ 22} In Smith v. Playland Park, Inc. (Nov. 2, 1994), 9th Dist. No. 16688, this Court stated: "`constructive notice cannot be proved without a factual basis that the hazard existed for a sufficient time to enable the exercise of ordinary care,'" quoting Worley v. Cleveland Pub.Power (1991), 77 Ohio App.3d 51, 54. This Court also held that "[e]vidence of how long a hazard existed is mandatory in establishing a duty to exercise reasonable care." Porter, supra, quoting Kubiszak v.Rini's Supermarket (1991), 77 Ohio App.3d 679, 687. In addition, this Court found that "[t]here must be an indication based on the totality of circumstances, *** that a hazard existed for such a period of time for which the business owner could exercise ordinary care." Id.
 {¶ 23} In its motion for summary judgment, Appellee alleged that Appellant had failed to introduce any evidence that Appellee owed her a duty. Appellee further argued that it had no duty to protect or warn Appellant because it had neither actual nor constructive knowledge of the abandoned mat or the dislodged piece of metal.
 {¶ 24} To support its motion for summary judgment, Appellee attached the affidavit of Suzanne Richmond who had personally inspected the Thunder Alley slide on the morning in question. Richmond testified that she walked the entire slide known as Thunder Alley conducting a visual and physical inspection on the morning of July 12, 1999. Richmond testified that she inspected the joints of Thunder Alley and found that they were secure. In addition, Richmond testified that the July 12, 1999 morning inspection revealed no loose fiberglass or metal on Thunder Alley.
 {¶ 25} To support her motion in opposition to Appellee's motion for summary judgment, Appellant attached portions of her deposition testimony. In her deposition, Appellant testified that she had no knowledge or information as to how the mat that was stuck on the slide got onto the slide. Appellant further stated that she did not know how long the mat had been stuck on the slide or if the water park's attendants knew that the mat was stuck on the slide before she went down the slide.
 {¶ 26} Consequently, this Court finds that Appellant has failed to prove that Appellee breached its duty to her. Appellant's third assignment of error is overruled.
 III. {¶ 27} Having overruled Appellant's three assignments of error, this Court finds that summary judgment was properly granted to Appellee. The judgment of the Summit County Court of Common Pleas is affirmed.
WHITMORE, J. CONCUR.