This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Plaintiff-Appellant Latika Thomas has appealed from an order of the Lorain County Court of Common Pleas that granted summary judgment in favor of Defendant-Appellee Rebman Recreation, Inc. on Ms. Thomas' negligence action. This Court affirms.
 I {¶ 2} In November 2001, Ms. Thomas filed a complaint naming as defendant Rebman Recreation, Inc. ("Rebman"). In her complaint, Ms. Thomas alleged that the negligence of Rebman in maintaining its premises caused her to slip and fall while bowling at Rebman's bowling alley. Ms. Thomas requested compensation for her injuries and special damages.
 {¶ 3} Rebman filed an answer denying Ms. Thomas' allegations of negligence, and both parties proceeded with discovery. Rebman thereafter filed a motion for summary judgment, in which it argued that it was not liable for any injuries sustained by Ms. Thomas because 1) Rebman had no notice of a dangerous or defective condition, 2) Ms. Thomas' claims were barred by the defense of primary assumption of the risk, and 3) Rebman could not be presumed negligent because Ms. Thomas was unable to identify the substance on which she allegedly slipped. Ms. Thomas filed a memorandum in opposition to Rebman's motion.
 {¶ 4} The trial court granted Rebman's motion for summary judgment, concluding that there was no genuine issue of material fact as to whether Rebman created, knew about, or should have known about any dangerous condition that allegedly caused Ms. Thomas' injuries. Ms. Thomas has timely appealed, asserting a single assignment of error.
 II Assignment of Error {¶ 5} "THE TRIAL COURT ERRED WHEN IT GRANTED [REBMAN'S] MOTION FOR SUMMARY JUDGMENT."
 {¶ 6} In her first assignment of error, Ms. Thomas has argued that the trial court erred in entering summary judgment in favor of Rebman. Ms. Thomas has contended that she pointed to evidence sufficient to raise a genuine issue of material fact as to whether Rebman knew or should have known of the allegedly dangerous condition presented by oil or grease on the floor of the approach to the bowling lane.
 {¶ 7} Pursuant to Civ.R. 56(C), summary judgment is proper if:
 {¶ 8} "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
 {¶ 9} Appellate review of a lower court's entry of summary judgment is de novo, applying the same standard used by the trial court. McKay v. Cutlip (1992), 80 Ohio App.3d 487, 491. The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record that demonstrate an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion. Id. Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id. The nonmoving party may not rest upon the mere allegations and denials in the pleadings, but instead must point to or submit some evidentiary material showing that a genuine dispute over material facts exists. Henkle v. Henkle (1991), 75 Ohio App.3d 732, 735.
 {¶ 10} In order to establish actionable negligence, a plaintiff must prove (1) the defendant owed him a duty of care; (2) the defendant breached that duty of care; and (3) as a direct and proximate result of the defendant's breach, the plaintiff suffered injury. Menifee v. Ohio Welding Products, Inc. (1984), 15 Ohio St.3d 75, 77. While a business owner is not an insurer of the safety of his business invitees, an owner owes such invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition so that his customers are not unnecessarily and unreasonably exposed to danger. Paschal v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203. Included in this duty is an obligation to warn business invitees of latent or concealed defects of which the owner has or should have knowledge. Kubiszak v. Rini's Supermarket (1991),77 Ohio App.3d 679, 686. However, the mere occurrence of an injury to a business invitee does not give rise to a presumption or an inference of negligence. Parras v. Standard Oil Co. (1953), 160 Ohio St. 315, paragraph one of the syllabus.
 {¶ 11} In its motion for summary judgment, Rebman argued that it was not aware of the existence of any oil or grease on the floor of the bowling alley that would constitute a dangerous condition. Rebman also contended that Ms. Thomas could present no evidence that Rebman had constructive knowledge (i.e., that Rebman should have known) of any such circumstances constituting a dangerous condition.
 {¶ 12} In support of its motion, Rebman submitted deposition testimony of Robert Rebman, part owner of defendant Rebman Recreation, Inc. Mr. Rebman testified that oil is applied to the bowling lanes by machine, and the machine was run at approximately 5:00 in the afternoon on the day that the incidents alleged by Ms. Thomas occurred. Mr. Rebman further stated that league bowlers bowled on the oiled lanes for approximately four to five hours after the oil had been applied, and before Ms. Thomas allegedly slipped at approximately 9:45 in the evening. Mr. Rebman further testified that neither the league bowlers nor anyone else complained about the condition of the lanes, and specifically about the lane where Ms. Thomas allegedly slipped and fell, on the night in question.
 {¶ 13} Rebman also submitted the deposition testimony of Ms. Thomas and two companions who were bowling with her on the night she allegedly slipped and fell. All three witnesses testified that they were not aware that anyone had told any employees at Rebman's about any hazards on the approaches to the bowling lanes.
 {¶ 14} In support of her memorandum in opposition to Rebman's summary judgment motion, Ms. Thomas submitted the deposition testimony of Ralph Edwards, who testified that he performed duties of "[p]in chasing and cleanup" as an employee of Rebman from 1997 to 2000. Mr. Edwards stated that he had no recollection of any events on the date of Ms. Thomas' alleged slip and fall, but it was "more than likely" that he would have been working on the date of her alleged injuries. Mr. Edwards testified that he would typically check the approaches to the bowling lanes after league bowling had stopped to ensure that they were clean. Mr. Edwards stated that "if there was something there," he probably should have seen it.
 {¶ 15} Having thoroughly reviewed the record, we find that Rebman satisfied its initial burden under Dresher in its motion for summary judgment. Specifically, Rebman showed that no genuine issue of material fact existed as to whether Rebman knew or should have known of the presence of any oil or grease on the approach to the bowling lane that would constitute a dangerous condition. We further find that Ms. Thomas failed to satisfy her Dresher burden of offering specific facts showing a genuine issue for trial as to Rebman's actual or constructive knowledge of a dangerous condition. "`Constructive notice cannot be proved without a factual basis that the hazard existed for a sufficient time to enable the exercise of ordinary care.'" (Alteration omitted.) Smith v. Playland Park, Inc. (Nov. 2, 1994), 9th Dist. No. 16688, at 3, quoting Worley v. Cleveland Pub. Power (1991), 77 Ohio App.3d 51, 54; see, also Kubiszak,77 Ohio App.3d at 687 ("The standard for determining sufficient time to enable the exercise of ordinary care requires evidence as to the hazard's length of existence."). Ms. Thomas failed to demonstrate a genuine issue of fact regarding the presence of any oil or grease on the approach to the bowling lane for a sufficient period of time for Rebman to become aware of and clean up the foreign substance in its exercise of ordinary care. Consequently, the trial court did not err in granting Rebman's motion for summary judgment. Ms. Thomas' assignment of error is without merit.
 III {¶ 16} Ms. Thomas' sole assignment of error is overruled. The judgment of the trial court is affirmed.
SLABY, P.J., BAIRD, J. CONCUR.