DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellants, Ethel and James Towns, appeal the decision of the Lorain County Court of Common Pleas, which granted summary judgment in favor of appellee, WEA Midway, LLC ("WEA"). This Court affirms.
 I. {¶ 2} This appeal stems from appellant Ethel Towns' slip and fall in the food court entrance of Midway Mall. Midway Mall is owned by appellee. At the time of the incident, the floor where appellant fell had an accumulation of water that had been tracked in by patrons. Appellee filed a motion for summary *Page 2 
judgment and appellants filed a memorandum in opposition. On August 22, 2006, the trial court entered summary judgment in favor of appellee.
 {¶ 3} Appellants subsequently filed a timely notice of appeal setting forth three assignments of error.
 II. ASSIGNMENT OF ERROR I "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT WHERE GENUINE ISSUES OF MATERIAL FACT EXIST AS TO WHETHER THE CONDITION WHICH CAUSED ETHEL'S INJURY WAS AN OPEN AND OBVIOUS CONDITION."
 ASSIGNMENT OF ERROR II "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT WHERE GENUINE ISSUES OF MATERIAL FACT EXIST AS TO WHETHER WEA HAD CONSTRUCTIVE NOTICE OF THE CONDITION THAT CAUSED ETHEL'S INJURY."
 {¶ 4} In appellants' first two assignments of error, they challenge the trial court's award of summary judgment in favor of appellee. As they raise common and interrelated issues, we address the assignments together.
 {¶ 5} Pursuant to Civ.R. 56(C), summary judgment is proper if:
 "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. *Page 3 
An appellate court's review of a lower court's entry of summary judgment is de novo, and, like the trial court, it must view the facts in the light most favorable to the non-moving party. Grafton v. Ohio EdisonCo. (1996), 77 Ohio St.3d 102, 105. Any doubt must be resolved in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12.
 {¶ 6} The party seeking summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying portions of the record that demonstrate an absence of genuine issues of material fact as to an essential element of the non-moving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion. Id. If the moving party meets this burden of proof, the burden then shifts to the non-moving party, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id. The non-moving party may not rest upon the mere allegations and denials in the pleadings, but instead must point to or submit some evidentiary material that shows a genuine dispute over the material facts exists. Id.; Civ.R. 56(E).
 {¶ 7} A plaintiff alleging negligence must prove that the defendant owed plaintiff a duty, that the defendant breached that duty, that the plaintiff suffered harm and that the harm was proximately caused by the defendant's breach of duty. Mussivand v. David (1989),45 Ohio St.3d 314, 318. Whether a duty exists is a question of law for the court. Id. *Page 4 
 {¶ 8} Appellee moved for summary judgment on the basis that it did not breach any duty owed to appellant, arguing that the water on the floor just inside the food court entrance was an open and obvious danger against which there was no duty upon appellee to warn business invitees. In her response, appellant argued that there was a material issue of fact as to whether the dampness on the floor which caused her fall was an open and obvious danger. Therefore, the question presented in the instant appeal is whether the water on the floor immediately inside the doors leading to the food court at Midway Mall constituted an open and obvious danger.
 {¶ 9} In Armstrong v. Best Buy Co., Inc., 99 Ohio St.3d 79,2003-Ohio-2573, the Supreme Court of Ohio reaffirmed the open and obvious doctrine. In doing so, it approved and followed the prior decisions of Sidel v. Humphrey (1968), 13 Ohio St.2d 45 and Paschal v.Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203, which dealt with the open and obvious doctrine in risks caused by weather conditions. InArmstrong, the Court stated:
 "The open-and-obvious doctrine remains viable in Ohio. Where a danger is open and obvious, a landowner owes no duty of care to individuals lawfully on the premises. Sidle v. Humphrey
(1968), 13 Ohio St.2d 45, 42 O.O.2d 96, 233
N.E.2d 589, approved and followed." Armstrong at syllabus.
 {¶ 10} The Armstrong court reiterated the rationale behind the open and obvious doctrine, stating:
 "The rationale underlying this doctrine is `that the open and obvious nature of the hazard itself serves as a warning. Thus, the owner or *Page 5 
occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves.' A shopkeeper ordinarily owes its business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition and has the duty to warn its invitees of latent or hidden dangers. When applicable, however, the open-and-obvious doctrine obviates the duty to warn and acts as a complete bar to any negligence claims. (Internal citations omitted.) Id. at ¶ 5.
 {¶ 11} In Bennett v. Revco Drug Stores, Inc. (Oct. 1, 1997), 9th Dist. No. 18211, this Court addressed a situation similar to the instant matter. The plaintiff in Bennett was a customer who slipped and fell due to water on the floor of a drug store from people tracking in the water from a slushy parking lot. In reaching our decision, this Court acknowledged that the Supreme Court of Ohio's opinion in S.S. Kresge Co.v. Fader (1972), 116 Ohio St. 718 remains good law. In Kresge, the Court stated:
 "Everybody knows that, when people are entering any building when it is raining, they will carry some moisture on their feet, which will render the floor near the door on the inside damp to some extent, and every one knows that a damp floor is likely to be a little more slippery than a dry floor." Id. at 723.
Employing the Kresge analysis, this Court held that "Bennett knew the weather conditions and, therefore, presumptively knew, the floor might be slippery."
 {¶ 12} In its motion for summary judgment, WEA pointed to the deposition testimony of Mrs. Towns. Mrs. Towns testified that as she and her husband drove to the mall on the day of her fall, it was drizzling rain. Mrs. Towns testified that the parking lot was wet and that she and her husband entered through the doors at *Page 6 
the food court as they had many times before. Mrs. Towns further testified that after she fell, her coat and pants were damp.
 {¶ 13} In their response in opposition to appellee's motion for summary judgment, appellants argued that the floor was not made slippery by the rain, but by liquid from another source. However, appellants offered no evidence to support their argument that the dampness on the floor where Mrs. Towns fell was caused by anything other than the rainy conditions outside.
 {¶ 14} As in Bennett and Kresge, appellant knew it had been raining when she entered the mall and presumptively knew as a result of the rain that the floor might be wet and slippery. Therefore, this Court finds that appellee met its burden under Dresher to show the absence of a genuine issue of material fact as to whether the dampness on the floor where appellant slipped and fell was an open and obvious danger. Further, we find that appellants failed to meet their reciprocal burden under Dresher to prove that a genuine issue of material fact existed as to whether the dampness on the floor where Mrs. Towns fell was an open and obvious danger. Thus, appellee had no duty of care to warn appellant that the floor might be slippery. This Court finds that the trial court properly entered summary judgment in favor of appellee. Appellant's first and second assignments of error are overruled. *Page 7 
 ASSIGNMENT OF ERROR III "THE TRIAL COURT ERRED IN FAILING TO ISSUE A RULING GRANTING [APPELLANTS'] MOTION TO STRIKE [THE] AFFIDAVIT OF DEBBIE PALOS."
 {¶ 15} In their third assignment of error, appellants argue that the trial court erred in denying their motion to strike the affidavit of Debbie Palos, housekeeping supervisor for the independent contractor that performed housekeeping services at Midway Mall.
 {¶ 16} Normally, if a trial court fails to rule on a pending motion prior to entering judgment, it will be presumed on appeal that the motion in question was implicitly denied. Lorence v. Goeller, 9th Dist. No. 04CA008556, 2005-Ohio-2678, at ¶ 47. As the trial court in the instant case did not rule on appellants' motion to strike the affidavit of Debbie Palos, we will treat that motion as having been denied.
 {¶ 17} "A trial court's decision to [deny] a motion to strike will not be overturned on appeal absent an abuse of discretion." Matthews v. D`Amore, 10th Dist. No. 05AP-1318, 2006-Ohio-5745, at ¶ 25, citingSamadder v. DMF of Ohio, Inc., 154 Ohio App.3d 770, 2003-Ohio-5340, at ¶ 17; McPherson v. Goodyear Tire Rubber Co., 9th Dist. No. 21499,2003-Ohio-7190, at ¶ 7. "[T]he trial court retains the discretion to admit or exclude evidence." McPherson at ¶ 7; see, also State v.Sage (1987), 31 Ohio St.3d 173, paragraph two of the syllabus. As such, an appellate court will not disturb such a decision regarding the admission or *Page 8 
exclusion of evidence absent an abuse of discretion that has materially prejudiced the appellant. Sage, 31 Ohio St.3d at 182; see, also,State v. Ali (Sept. 9, 1998), 9th Dist. No. 18841.
 {¶ 18} This Court finds that the trial court did not err in denying appellants' motion because we found that appellee met itsDresher burden without relying on Ms. Palos' affidavit and appellants failed to meet their reciprocal burden under Dresher to show that a genuine issue of material fact existed as to the source of the dampness on the floor where Mrs. Towns fell. Although the trial court does not indicate whether it relied on Ms. Palos' affidavit in reaching its decision to award summary judgment in favor of appellee, this Court finds the affidavit immaterial to the resolution of the matter.
 {¶ 19} As discussed in appellants' first assignment of error, Mrs. Towns testified that it was drizzling rain as she and her husband drove to the mall on the day she fell. She stated that the mall parking lot was wet and that she and her husband entered through the doors at the food court as they had many times before. Mrs. Towns further testified that after she fell, her coat and pants were damp. This evidence alone was sufficient to meet appellee's Dresher burden.
 {¶ 20} Appellants' third assignment of error is overruled. *Page 9 
 III. {¶ 21} Appellants' first, second and third assignments of error are overruled. The decision of the Lorain County Court of Common Pleas is affirmed albeit for reasons different than those expressed by that tribunal.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
 Costs taxed to appellants. *Page 10 
 WHITMORE, P. J., MOORE, J., CONCUR. *Page 1