[Cite as *Herbst v. Riverside Community Urban Redevelopment Corp.*, 2013-Ohio-916.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| MICHAEL HERBST, et al. | | C.A. No. 26493 |
| Appellants | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| RIVERSIDE COMMUNITY URBAN REDEVELOPMENT CORP. | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO CASE No. CV 2011-07-4052 |
| Appellee | | |

DECISION AND JOURNAL ENTRY

Dated: March 13, 2013

MOORE, Presiding Judge.

{¶1} Plaintiff-Appellants, Michael and Kimberly Herbst (collectively "the Herbsts"), appeal from the judgment of the Summit County Court of Common Pleas, granting summary judgment in favor of Defendant-Appellee, Riverside Community Urban Redevelopment Corp. ("Riverside"). This Court affirms.

I.

{¶2} On December 31, 2010, the Herbsts took their two children to the Sheraton Suites ("the Sheraton") in Cuyahoga Falls for a brief family getaway. At all times relevant to this appeal, Riverside owned the Sheraton. During the second day of their stay, Mrs. Herbst took the children to the hotel's indoor pool and Mr. Herbst later joined them. The indoor pool had a series of submerged steps, accompanied by a railing, for purposes of entering and exiting the pool. Seeking to join his two children in the pool, Mr. Herbst held onto the railing and climbed down the steps. When Mr. Herbst reached the mid-way point on the steps, his foot slid forward,

his leg buckled, and he fell. He then fell again when he placed his hand on the steps for leverage and his hand slipped off. As a result of his fall, Mr. Herbst injured his knee and later had to undergo surgery.

{¶3} The Herbsts filed a complaint against Riverside, alleging negligence on the part of Riverside in failing to detect and to repair or warn Mr. Herbst of a dangerous condition on its property. Riverside moved for summary judgment on the basis that it had no duty to warn Mr. Herbst of an open and obvious danger, or alternatively, that it did not breach any duty to Mr. Herbst because it had no knowledge that a dangerous condition existed. The Herbsts then filed a memorandum in opposition, and Riverside filed a reply brief. In ruling on Riverside's motion, the trial court determined that Mr. Herbst was injured as a result of an open and obvious danger. Alternatively, the court found that there was no evidence that Riverside had actual or constructive knowledge of the condition, such that it had a duty to warn Mr. Herbst of it. Consequently, the trial court granted Riverside's motion for summary judgment.

{¶4} The Herbsts now appeal from the trial court's judgment and raise one assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT WHERE GENUINE ISSUES OF MATERIAL FACT EXIST AS TO WHETHER THE CONDITION WHICH CAUSED [MR. HERBST'S] INJURY WAS AN OPEN AND OBVIOUS CONDITION.

{¶5} In their sole assignment of error, the Herbsts argue that the trial court erred by granting Riverside's motion for summary judgment. Specifically, they argue that genuine issues of material fact remain as to whether: (1) the hazardous condition that injured Mr. Herbst was an

open and obvious danger; and (2) Riverside negligently failed to repair the danger or warn him of it. We do not agree that the court erred by entering summary judgment.

{¶6} This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Pursuant to Civ.R. 56(C), summary judgment is proper if:

> (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-93 (1996). The moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). *Id.* at 292-293. Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. *Id.* at 293. The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to, or provide, some evidentiary material that demonstrates a genuine dispute over a material fact. *In re Fike Trust*, 9th Dist. No. 06CA0018, 2006-Ohio-6332, ¶ 10.

{¶7} "In order to succeed under an action for negligence, a plaintiff must show the existence of a duty, a breach of that duty, and that the breach of that duty was the proximate cause of the plaintiff's injuries." *Galo v. Carron Asphalt Paving, Inc.*, 9th Dist. No. 08CA009374, 2008-Ohio-5001, ¶ 8. "Generally, an owner owes a duty of ordinary care to a business invitee for hazardous conditions on the property." *Gardner v. Kinstlinger*, 9th Dist. No.

26374, 2012-Ohio-5486, ¶ 7. Yet, the owner owes no such duty where (1) a danger is open and obvious, *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, syllabus, or where (2) the owner did not have actual or constructive knowledge of the danger. *Alvarez v. Natl. City Bank*, 9th Dist. No. 24292, 2008-Ohio-444, ¶ 7, quoting *Jackson v. Kings Island*, 58 Ohio St.2d 357, 359 (1979).

{¶8} If a danger is open and obvious, "the open and obvious nature of the hazard itself serves as a warning. Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves." *Zambo v. Tom-Car Foods*, 9th Dist. No. 09CA009619, 2010-Ohio-474, ¶ 7, quoting *Simmers v. Bentley Constr. Co.*, 64 Ohio St.3d 642, 644 (1992). When considering whether a danger is open and obvious, a court must look to the totality of the circumstances, considering "both the nature of the dangerous condition and any attendant circumstances that may have existed at the time of the injury." *Gehm v. Tri-County, Inc.*, 9th Dist. No. 09CA009693, 2010-Ohio-1080, ¶ 8. "Open and obvious dangers are not hidden, are not concealed from view, and are discoverable upon ordinary inspection." *Zambo* at ¶ 8.

{¶9} When a danger is not open and obvious, an owner "owes a duty * * * to warn any invitees of latent or concealed defects of which the [owner] has or should have knowledge." *Campbell v. GMS Management Co.*, Inc., 9th Dist. No. 16403, 1994 WL 108886, *1 (Mar. 30, 1994). "[T]he mere occurrence of an injury to a business invitee does not give rise to a presumption or an inference of negligence." *Thomas v. Rebman Recreation, Inc.*, 9th Dist. No. 02CA008194, 2003-Ohio-2640, ¶ 8. Rather, the injured party must show that the owner had actual or constructive knowledge of the condition. *Alvarez* at ¶ 7; *Thomas* at ¶ 13. "[C]onstructive notice [of a dangerous condition] cannot be prove[n] without a factual basis that

the hazard existed for a sufficient time to enable the exercise of ordinary care." *Smith v. Playland Park, Inc.*, 9th Dist. No. 16688, 1994 WL 604127, *1 (Nov. 2, 1994), quoting *Worley v. Cleveland Pub. Power*, 77 Ohio App.3d 51, 54 (8th Dist.1991).

{¶10} In his deposition testimony, Mr. Herbst testified that he decided to join his wife and two daughters at the Sheraton's pool on the second day of their stay. Although his wife and children had used the pool the previous day, Mr. Herbst had not. When Mr. Herbst arrived at the pool, his wife was seated at a table and his children were already in the pool. Mr. Herbst testified that he used the pool's submerged steps and rail to enter the pool. Specifically, Mr. Herbst placed his left hand on the rail and walked down into the pool until he reached the mid-way point of the steps. Mr. Herbst testified that his foot then slipped forward on the step, causing his leg to buckle underneath him as he fell. After his fall, Mr. Herbst placed his hand on the step "to kind of push [himself] up" and fell back down again as his hand slipped off the step. Mrs. Herbst then helped Mr. Herbst from the pool to a nearby table.

{¶11} Mr. Herbst testified that he observed a "bunch of kids" already in the pool when he fell, but did not see anyone enter or exit the pool around that time. He further testified that he did not see anything on the steps at the time of his fall. After Mr. Herbst's fall, Mrs. Herbst informed him for the first time that she had slipped in the pool[1] the previous day, but had not told anyone. Shortly after Mr. Herbst's fall, the Herbsts went to the front desk to report the incident and to notify the hotel of the slippery pool conditions. The Herbsts then returned to their room. Mr. Herbst testified that, at some point after they returned to their room, the same woman with whom they had spoken at the front desk called their room. According to Mr. Herbst, the woman

---

[1] Mr. Herbst did not indicate whether his wife slipped on the pool's steps or whether she slipped elsewhere in the pool.

informed him that she had spoken with the maintenance manager and "they resolved the problem."

{¶12} In support of its motion for summary judgment, Riverside pointed to Mr. Herbst's deposition testimony and an affidavit from the Sheraton's General Manager, Robert Trammell. In his affidavit, Mr. Trammell averred that none of his hotel's employees had engaged in any activities that would have made the pool's steps unusually slippery or hazardous. He also averred that the pool undergoes regularly scheduled maintenance and cleanings and that none of the cleanings leading up to the time of Mr. Herbst's fall uncovered an unusually slippery or hazardous condition. Further, Mr. Trammell averred that he was not aware of any other slipping incidents related to the pool steps and that, prior to Mr. Herbst's fall, neither he nor his employees received any comments or complaints about the pool steps being unusually slippery.

{¶13} In their memorandum in opposition to summary judgment, the Herbsts relied upon an affidavit from Mr. Herbst. In his affidavit, Mr. Herbst averred that he took "every precaution" when entering the pool and had never slipped or fallen entering a swimming pool in the past. Mr. Herbst further averred that his foot and hand did not slide off the pool's steps due to water. Instead, he stated that the pool's steps were slippery in a way that "was very similar to what a person would feel when his or her feet touch the bottom of a pond, like algae, very slippery." According to Mr. Herbst, every other time he had submerged his feet underwater in pools his feet had never slipped because a pool's underground surface is "really more of a dry surface."

{¶14} Mr. Herbst's deposition and his and Mr. Trammell's affidavits were the only Civ.R. 56(C) materials submitted in this matter. Relying upon Mr. Herbst's deposition and Mr. Trammell's affidavit, Riverside argued that it owed no duty to Mr. Herbst because he was

injured as a result of an open and obvious danger. Specifically, Riverside argued that it is common knowledge that pools and the areas immediately surrounding them can be slippery. Because the steps at its pool were submerged in water, Riverside argued, a reasonable person would have expected the steps to be slippery.

**{¶15}** Riverside is correct that water is inherently slippery and can create dangerous conditions that would be obvious to a reasonable person. *See, e.g., Nichols v. Staybridge Suites*, 10th Dist. No. 08AP-773, 2009-Ohio-1381, ¶ 26-30 (slippery pool deck held open and obvious danger); *Towns v. WEA Midway, LLC*, 9th Dist. No. 06CA009013, 2007-Ohio-5121, ¶ 12-14 (slippery floor near mall entrance held open and obvious danger when it had been raining); *Graham v. Cedar Point, Inc.*, 124 Ohio App.3d 730, 734 (6th Dist.1997) ("[W]here water accumulates because it is tracked in by patrons, * * * or accumulates in a place where it would normally be expected (swimming pool locker room) * * *, liability would not ordinarily attach.") (Internal citations omitted.). Nevertheless, in his affidavit, Mr. Herbst averred that the pool steps were very slippery and that their slipperiness was not consistent with merely that of water. Moreover, during his deposition, Mr. Herbst testified that after the Herbsts spoke to a woman at the hotel's front desk, the woman called their room to inform them that she had spoken with the maintenance manager and "they resolved the problem." Viewing that testimony most strongly in favor of the Herbsts, one could conceivably infer that if the maintenance manager "resolved" a problem there must, in fact, have been some problem with the steps other than the water in the pool. *Compare Towns* at ¶ 13 (rejecting the argument that some other liquid substance made a floor slippery when "appellants offered no evidence to support their argument that the dampness on the floor where [the plaintiff] fell was caused by anything other than the rainy conditions outside"). Further, if such a problem existed, that problem could have increased the slipperiness

of the steps to a degree that a reasonable person would not have anticipated. *See Andamasaris v. Annunciation Greek Orthodox Church*, 9th Dist. No. 22191, 2005-Ohio-475, ¶ 14 (open and obvious doctrine applies to dangers that are known "or otherwise so obvious and apparent that a customer should reasonably be expected to discover them and protect herself from them"). The fact that water is inherently slippery does not answer the question of whether Mr. Herbst was injured as a result of an open and obvious danger.

{¶16} This Court need not, however, determine whether the pool steps here constituted an open and obvious danger. Even assuming that the danger was latent or concealed, Riverside only had a duty to repair the danger or to warn Mr. Herbst of it if Riverside had or should have had knowledge of it. *See Campbell*, 1994 WL 108886, at *1. The Herbsts failed to present *any* evidence that Riverside possessed actual or constructive knowledge of any dangerous condition that existed on the steps.

{¶17} Mr. Herbst testified that he never observed anyone else fall on the pool steps and never spoke with any of the other patrons at the pool. Although Mrs. Herbst told Mr. Herbst after he fell that she had slipped in the pool the previous day, Mrs. Herbst did not tell the hotel about the incident when it happened. Instead, the Herbsts told the hotel about the slippery condition of the pool after Mr. Herbst's fall. Mr. Trammell averred in his affidavit that neither he nor any employee of the hotel had received any complaints or comments about unusually slippery pool conditions before Mr. Herbst's fall. He further averred that he was not aware of any other incidents where a patron had fallen and that none of the regularly scheduled pool cleanings had uncovered a problem with an unusually slippery condition on the steps. Moreover, Mr. Herbst admitted in his deposition that he could not see anything on the pool steps at the time

that he fell. As previously noted, Mr. Herbst's deposition testimony and his and Mr. Trammell's affidavits were the only Civ.R. 56(C) materials submitted.

{¶18} Nothing in the record demonstrates that Riverside had actual knowledge of a dangerous condition in its pool. Further, the Herbsts failed to point to any evidence to show that the alleged hazard "existed for a sufficient time to enable the exercise of ordinary care." *Smith*, 1994 WL 604127, at *1. The fact that Mr. Herbst was injured on the pool steps was not sufficient to create an inference of negligence on Riverside's part. *See Thomas*, 2003-Ohio-2640, at ¶ 8. The only evidence in the record was that Riverside became aware of the potential problem with its pool steps *after* Mr. Herbst's fall. Thus, the Herbsts failed to point to a genuine issue of material fact for trial with regard to the issue of whether Riverside had actual or constructive knowledge of a defect with the pool steps. Absent actual or constructive knowledge of the alleged defect, Riverside had no duty to warn the Herbsts. *See Campbell* at *1.

{¶19} Because the Herbsts failed to establish a genuine issue of material fact for trial with regard to Riverside's duty to them, the trial court correctly entered summary judgment in favor of Riverside. The Herbsts' sole assignment of error is overruled.

III.

{¶20} The Herbsts' sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

_____
CARLA MOORE
FOR THE COURT

WHITMORE, J.
CONCURS.

BELFANCE, J.
DISSENTING.

{¶21} I respectfully dissent because I believe that there is a genuine issue of material fact as to whether Riverside had constructive knowledge of the hazard that caused Mr. Herbst to fall and sustain his injuries.

{¶22} A "business owner has a duty to warn customers of dangerous conditions of which the business owner was aware or should have been aware. Proof of constructive knowledge of a dangerous condition requires a factual basis that the hazard existed for a sufficient time[.]" (Internal quotations and citations omitted.) *Hackett v. TJ Maxx*, 9th Dist. No.

24978, 2010-Ohio-5824, ¶ 12. Mr. Herbst was asked during his deposition whether "any of [his] family members ha[d] any difficulty going in or out of the pool[,]" to which he responded that Mrs. Herbst had slipped the day before his fall. Mr. Herbst also testified during his deposition that he believed he had fallen during the late afternoon. Viewing this evidence in the light most favorable to the Herbsts, the hazard existed for a significant period of time, potentially even in excess of 24 hours. I believe this would be enough time for Riverside to have exercised reasonable care.

{¶23} Furthermore, while Robert Trammel averred that "[t]he Pool undergoes regularly scheduled maintenance and cleanings[,]" there is no indication in the record how often these cleanings occurred. Regular only indicates a pattern. Monthly, biannually, or yearly cleanings would be conducted "regularly," but they would probably not be considered examples of exercising ordinary care when it comes to pool maintenance, particularly when it comes to the pool steps. Thus, given the statements in Mr. Herbst's deposition about the potential length of time the hazard existed and the ambiguity related to how often Riverside examined the pool for hazards, I would conclude that there is a genuine issue of material fact whether Riverside had constructive notice of the hazard that caused Mr. Herbst to fall.

{¶24} However, the trial court also determined that the hazard, whatever it was, constituted an open and obvious hazard because water is inherently slippery. However, as the majority points out, this ignores Mr. Herbst's affidavit in which he averred that water did not cause his fall and that, whatever he slipped on, was slicker than water. Furthermore, it ignores the statement from the hotel employee to Mr. Herbst that they had fixed the problem, which would indicate that there was something wrong with the step besides it being submerged in water. Therefore, since Mr. Herbst testified during his deposition that he never saw what caused

him to slip on the step before or after he fell, I would conclude, as the majority intimates, that there is a genuine issue of material fact as to whether the hazard on the steps was open and obvious.

{¶25} Because there are genuine issues of material fact as to whether the hazard was open and obvious and whether Riverside had constructive notice of the hazard, I would reverse the trial court's award of summary judgment and remand for further proceedings. Accordingly, I dissent.

APPEARANCES:

CHRISTOPHER P. TUCCI, Attorney at Law, for Appellants.

CAROL K. METZ and AARON J. BABB, Attorneys at Law, for Appellee.