DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Cheryl Peterson, appeals the decision of the Summit County Court of Common Pleas, awarding summary judgment to appellee, Giant Eagle, Inc. ("Giant Eagle"). This Court affirms.
 I. {¶ 2} On December 24, 1999, appellant entered the Buckeye Village Giant Eagle grocery store to purchase salad dressing. When appellant was unable to locate the salad dressing, she decided to ask two employees for assistance. As appellant was approaching the employees, she stepped on two grapes and slipped and fell, injuring her knee.
 {¶ 3} On December 20, 2000, appellant filed a complaint naming Giant Eagle, Inc.; Buckeye Village Market, Inc. ("Buckeye"); and Buckeye Village Giant Eagle as defendants. On April 30, 2001, appellant notified all parties that she was voluntarily dismissing her complaint against Giant Eagle, Inc., and Buckeye Village Giant Eagle.
 {¶ 4} On December 6, 2002, appellant re-filed her complaint against the same three parties. In her complaint, appellant alleged that (1) defendants had actual or constructive notice of the unreasonably hazardous condition; (2) defendants were negligent in failing to remedy the unreasonably hazardous condition; and (3) defendants' negligence in maintaining their premises caused her to slip and fall while shopping at Buckeye Village Giant Eagle.
 {¶ 5} Defendant Buckeye filed an answer denying appellant's allegations of negligence. Defendants Giant Eagle, Inc., and Buckeye Village Giant Eagle filed a motion to dismiss, claiming that appellant failed to re-file her complaint within one year of voluntarily dismissing them as defendants as required by R.C.2305.19. Buckeye thereafter filed a motion for summary judgment, in which it argued that it was not liable for any injuries sustained by appellant because (1) appellant had failed to prove how long the grapes had been on the floor; and (2) appellant presented no evidence as to how the grapes ended up on the floor. Appellant filed a memorandum in opposition to Buckeye's motion.
 {¶ 6} The trial court granted Buckeye's motion for summary judgment, concluding that there was no genuine issue of material fact as to how long the dangerous condition of the grapes on the floor existed prior to the fall. The trial court also dismissed defendant Giant Eagle, Inc., without prejudice.
 {¶ 7} Appellant timely appealed, setting forth one assignment of error for review.
 II. ASSIGNMENT OF ERROR
"The trial court committed prejudicial error in granting summary judgment in favor of defendant, Buckeye Village Market, Inc."
 {¶ 8} In her sole assignment of error, appellant challenges the trial court's award of summary judgment to Buckeye.
 {¶ 9} Pursuant to Civ.R. 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 10} Appellate review of a lower court's entry of summary judgment is de novo, applying the same standard used by the trial court. McKay v. Cutlip (1992), 80 Ohio App.3d 487, 491. The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record that demonstrate an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt (1996),75 Ohio St.3d 280, 293. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion. Id. Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id. The nonmoving party may not rest upon the mere allegations and denials in the pleadings, but instead must point to or submit some evidentiary material showing that a genuine dispute over material facts exists. Henkle v. Henkle (1991), 75 Ohio App.3d 732, 735.
 {¶ 11} In order to establish actionable negligence, a plaintiff must prove (1) the defendant owed him a duty of care; (2) the defendant breached that duty of care; and (3) as a direct and proximate result of the defendant's breach, the plaintiff suffered injury. Menifee v. Ohio Welding Products, Inc. (1984),15 Ohio St.3d 75, 77. While a business owner is not an insurer of the safety of his business invitees, an owner owes such invitees "a duty of ordinary care in maintaining the premises in a reasonably safe condition so that his customers are not unnecessarily and unreasonably exposed to danger." Paschal v.Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203. Included in this duty is an obligation to warn business invitees of latent or concealed defects of which the owner has or should have knowledge. Kubiszak v. Rini's Supermarket (1991),77 Ohio App.3d 679, 686. However, the mere occurrence of an injury to a business invitee does not give rise to a presumption or an inference of negligence. Parras v. Standard Oil Co. (1953),160 Ohio St. 315, paragraph one of the syllabus.
 {¶ 12} In support of its motion for summary judgment, Buckeye attached portions of appellant's deposition testimony. In her deposition, appellant testified that she had no idea how the grapes got on the floor. Appellant further testified that she had no evidence as to how long the grapes were on the floor.
 {¶ 13} In support of her memorandum opposing Buckeye's motion for summary judgment, appellant attached her own affidavit. In her affidavit, appellant contends that there were two Buckeye employees standing near the place where she fell and that those two employees should have seen the grapes on the floor.
 {¶ 14} Buckeye filed a motion to strike appellant's affidavit, asserting that it contradicted her deposition testimony. Appellant then filed a memorandum regarding her affidavit, in which she stated that her affidavit did not state that the two employees actually saw the grapes, but that whether the employees should have seen the grapes on the floor was a question that should go to the jury. The trial court did not strike appellant's affidavit.
 {¶ 15} Having thoroughly reviewed the record, this Court finds that Buckeye satisfied its initial burden under Dresher
in its motion for summary judgment. Specifically, Buckeye showed that no genuine issue of material fact existed as to whether the two Buckeye employees knew or should have known of the presence of the two grapes on the floor that would constitute a dangerous condition. This Court further finds that appellant failed to satisfy her Dresher burden of offering specific facts showing a genuine issue for trial as to Buckeye's actual or constructive knowledge of a dangerous condition. "`[C]onstructive notice cannot be [proven] without a factual basis that the hazard existed for a sufficient time to enable the exercise of ordinary care.'" Smith v. Playland Park, Inc. (Nov. 2, 1994), 9th Dist. No. 16688, quoting Worley v. Cleveland Pub. Power (1991),77 Ohio App.3d 51, 54; see, also Kubiszak, 77 Ohio App.3d at 687
("The standard for determining sufficient time to enable the exercise of ordinary care requires evidence as to the hazard's length of existence."). Appellant failed to demonstrate a genuine issue of fact regarding the presence of the two grapes on the floor for a sufficient period of time for Buckeye to become aware of and clean up the grapes in its exercise of ordinary care. Consequently, the trial court properly granted Buckeye's motion for summary judgment. Appellant's assignment of error is without merit.
 III. {¶ 16} Appellant's sole assignment of error is overruled. The decision of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
Slaby, J. Whitmore, J. Concur.