[Cite as *Hidalgo v. Costco Wholesale Corp.*, 2013-Ohio-847.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

DOLORES HIDALGO, et al.

    Appellants

    v.

COSTCO WHOLESALE CORPORATION, et al.

    Appellee

C.A. No.    12CA010191

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    10CV169779

DECISION AND JOURNAL ENTRY

Dated: March 11, 2013

MOORE, Presiding Judge.

{¶1} Plaintiffs, Dolores Hidalgo and William Marks, appeal the ruling of the Lorain County Court of Common Pleas, which granted summary judgment to Defendant Costco Wholesale Corporation ("Costco"). For the reasons set forth below, we affirm.

I.

{¶2} In 2010, Ms. Hidalgo and her husband, Mr. Marks, (collectively "Appellants") were shopping at a Costco store. As Mr. Marks was paying for their purchases, Ms. Hidalgo went to the front of the store, just beyond the check-out counter, to obtain an empty box. After walking approximately three or four feet past the check-out counter, Ms. Hidalgo slipped and fell. After falling, she and two Costco employees noticed a smashed green grape in the immediate area of where the fall occurred. As a result of the fall, Ms. Hidalgo claimed that she suffered injuries to her ankle, foot, and knee.

{¶3} Appellants filed a complaint against Costco, alleging negligence and loss of consortium.[1] Thereafter, Costco filed a motion for summary judgment, and Appellants filed a brief in opposition to Costco's motion. On February 8, 2012, the trial court issued a journal entry granting Costco's motion for summary judgment and dismissing Appellants' complaint. Appellants timely filed a notice of appeal from the February 8, 2012 entry and now present one assignment of error for our review.

II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT TO[ ]COSTCO[ ]AS GENUINE ISSUES OF MATERIAL FACT REMAIN THAT A JURY SHOULD BE ALLOWED TO CONSIDER WITH RESPECT TO WHETHER [COSTCO] CREATED AND/OR HAD NOTICE OF THE HAZARD WHICH CAUSED [MS.] HIDALGO TO BECOME INJURED.

{¶4} In their sole assignment of error, Appellants argue that the trial court erred in granting summary judgment to Costco because a genuine issue of material fact existed as to whether Costco created or had actual or constructive knowledge of the condition which caused Ms. Hidalgo to fall. We disagree.

{¶5} This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Pursuant to Civ.R. 56(C), summary judgment is proper if:

(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

---

[1] Appellants also named two John Does as defendants in their complaint. However, the record does not indicate that service was perfected on these unidentified defendants.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

{¶6} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-93 (1996). The moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). *Dresher* at 292-93. "If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied." *Id.* at 293. If the moving party satisfies its initial burden, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. *Id.* The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to, or provide, some evidentiary material that demonstrates a genuine dispute over a material fact. *In re Fike Trust*, 9th Dist. No. 06CA0018, 2006-Ohio-6332, ¶ 10.

{¶7} To prevail on a negligence claim, a plaintiff must present evidence establishing that the defendant owed the plaintiff a duty of care, that the defendant subsequently breached that duty, and that the breach was the proximate cause of the plaintiff's injury. *Mussivand v. David*, 45 Ohio St.3d 314, 318 (1989), citing *Di Gildo v. Caponi*, 18 Ohio St.2d 125 (1969). With regard to premises liability matters, the duty owed by the owner of the premises is determined by the relationship between the owner of the premises and the injured party. *Clark v. BP Oil Co.*, 9th Dist. No. 21398, 2003-Ohio-3917, ¶ 8, citing *Gladon v. Greater Cleveland Regional Transit Auth.*, 75 Ohio St.3d 312, 315 (1996). Here, there is no dispute that Ms. Hidalgo was a business invitee on Costco's property at the time of her injury. A storekeeper owes its business invitees "a duty of ordinary care in maintaining the premises in a reasonably safe condition" so that invitees are not unreasonably exposed to unnecessary danger. *Paschal v. Rite Aid Pharmacy,*

*Inc.* 18 Ohio St.3d 203 (1985). However, the storekeeper is not an insurer of an invitee's safety. *Id.* at 203-204.

{¶8} To recover for injuries sustained where a business invitee slips and falls on the premises and claims that a foreign substance on a walkway caused her to slip and fall, a plaintiff must demonstrate:

> 1. That the defendant through its officers or employees was responsible for the hazard complained of; or
>
> 2. That at least one of such persons had actual knowledge of the hazard and neglected to give adequate notice of its presence or remove it promptly; or
>
> 3. That such danger had existed for a sufficient length of time reasonably to justify the inference that the failure to warn against it or remove it was attributable to a want of ordinary care.

*Johnson v. Wagner Provision Co.*, 141 Ohio St. 584, 589 (1943); *Orndorff v. ALDI, Inc.*, 115 Ohio App.3d 632, 635-636 (9th Dist.1996).

{¶9} Here, the trial court determined that there existed no evidence that would raise a question of fact that Costco had actual or constructive knowledge that the grape was on the floor. The trial court further determined that the grape was an "open and obvious" condition. Because we agree that the trial court properly granted Costco summary judgment on the basis that Ms. Hidalgo failed to meet her reciprocal burden of establishing a question of fact in regard to whether Costco created the condition, had actual knowledge of the condition, or should be charged with constructive knowledge of the condition, we need not reach the merits of the trial court's determination that the grape was an "open and obvious" condition.

{¶10} In its motion for summary judgment, Costco in part maintained that no question of material fact existed as to whether it created or had actual or constructive knowledge of the grape on the floor, and it was entitled to judgment as a matter of law on Appellants' claims. In support, it pointed to the deposition testimony of Ms. Hidalgo.

{¶11} During her deposition, Ms. Hidalgo averred that she did not know how the grape came to be on the floor or how long it had been on the floor prior to her fall. She stated that she did not purchase any grapes, and she did not witness another customer in line before her purchase any grapes. Further, she did not see anyone drop any grapes on the floor at any time before she fell, and she did not hear any Costco employees say anything about grapes on the floor prior to her fall. She acknowledged it was possible for food items to occasionally fall on the floor in stores that sell groceries, like Costco.

{¶12} Based upon this evidence, we conclude that Costco met its initial burden of pointing to some evidence that Appellants could not establish that Costco caused the grape to be on the floor, or that it had actual notice that the grape was on the floor, or that it should be charged with constructive notice that the grape was on the floor. Therefore, the burden shifted to Appellants to point to, or provide, some evidence establishing that a question of material fact existed.

{¶13} In their response to Costco's motion, Appellants maintained that triable issues remained as to whether Costco created the hazard and as to whether Costco should be charged with constructive notice of the hazard. In support, Appellants provided their own affidavits and the deposition testimony of Costco employees Laura Buza, Joseph Harder, and Christopher Wittman.

{¶14} In their affidavits, Appellants averred that Ms. Hidalgo fell approximately three to four feet past the check-out counter toward the exits. They stated that they believed she fell after slipping on a green grape, which was discovered on the floor after her fall. Appellants attested that they did not observe any customers handling merchandise in that area of the store other than to push their carts from the end of the check-out counter to the exit. Instead, Appellants

maintained that Costco employees were handling the unloading and the loading of the customers' carts at the check-out lanes.

{¶15} In their depositions, Ms. Buza, Mr. Harder, and Mr. Wittman acknowledged that the store employs "cashier assistants." These assistants load items from a customer's cart onto a conveyer belt to the cashier. After the cashier scans the items, the cashier assistant packs the items into the customer's cart. The store does not provide bags for packing the items. However, the store keeps empty boxes, in which the cashier assistants will pack a customer's items upon a customer's request. However, if cashier assistants are not available, or if a customer prefers, the customer may load the merchandise back into the cart after the cashier has scanned it.

{¶16} In her deposition, Ms. Buza attested that, on the date at issue, she was working as a cashier assistant at Costco. While performing her duties, Ms. Buza saw Ms. Hidalgo fall in front of the check-out lanes. Ms. Buza acknowledged that, when loading and unloading a customer's cart, it is possible for her to spill merchandise onto the floor.

{¶17} In his deposition, Mr. Harder also averred that he was working at Costco as a cashier assistant on the date at issue. During that time, he heard someone yell, and looked toward another check-out lane, at the end of which he saw a group of people standing near Ms. Hidalgo, who had fallen. He went to assist Ms. Hidalgo, and he noticed a smashed green grape on the floor in the immediate vicinity of where Ms. Hidalgo fell.

{¶18} In his deposition, Mr. Wittman, who was employed as the store's front-end manager at the time of the fall, was notified that Ms. Hidalgo had fallen in front of the cash registers. He went to assist Ms. Hidalgo, and, at that time, he also saw a smashed grape in the immediate area of where the fall occurred.

{¶19}  Based upon this, Ms. Hidalgo maintained that triable issues existed as to whether Costco employees caused the grape to fall onto the floor and as to whether Costco should be charged with constructive knowledge that the grape was on the floor.

{¶20}  With regard to the issue of whether Costco created the hazard, Appellants have essentially argued that, because the grape was located in front of the cash registers, near the area that cashier assistants were handling the merchandise and packing items into the customers' carts, a triable issue existed as to whether Costco employees caused the grape to be dropped onto the floor.  However, Appellants and the witnesses agreed that the fall occurred three to four feet past the check-out lanes, in an area traversed by both store employees and customers.  Further, Ms. Buza, Mr. Harder, and Mr. Wittman attested that customers may also assist in packing their shopping carts.  Therefore, while the grape could have fallen due to the actions of a cashier assistant, the theory advanced by Appellants, it is equally plausible that the grape could have fallen or rolled to that location due to the actions of other customers.  *Compare Braun v. Russo's, Inc.*, 8th Dist. No. 76273, 2000 WL 709041, *3 (June 1, 2000) (no triable issue as to whether storeowner created hazard where customer advanced only speculative theories as to what caused the grapes, on which she slipped and fell, to be on the floor in the produce aisle) *with Peterson v. Rockne's Pub*, 9th Dist. No. 19084, 1998 WL 835549, *1, 4 (Dec. 2, 1998) (triable issue existed of whether restaurant spilled sauce where customer alleged that she slipped on sauce in an area in which an employee had averred that "*only* servers and busboys would carry food and dirty dishes" (Emphasis added.)).  We conclude that based upon the evidence provided by Appellants, a trier of fact would be engaging in mere speculation in determining how the grape came to be on the floor.  Accordingly, Appellants failed to meet their reciprocal *Dresher* burden of establishing that a question of material fact existed in regard to whether Costco created the hazard.

{¶21} Next, Appellants maintained that a question of fact existed as to whether Costco should be charged with constructive notice of the dropped grape. In support, Appellants relied heavily on the Tenth District's holding in *Collins v. Emro Marketing Co.*, 10th Dist. No. 98AP-1014, 1999 WL 333298, *5 (May 11, 1999) for the proposition that constructive knowledge of a latent defect can be imposed on a premises owner where a reasonable inspection would have revealed the defect. Appellants maintained that a material question of fact existed as to whether Costco's inspection of the premises was reasonable, and they argued that what was reasonable under these circumstances should have been a question of fact for a jury to decide.

{¶22} However, in *Beck v. Camden Place at Tuttle Crossing*, 10th Dist. No. 02AP-1370, 2004-Ohio-2989, ¶ 23-24, 28, the Tenth District discussed the imposition of constructive knowledge in premises liability cases, including *Collins*, and distinguished between cases where the accident was alleged to be caused by a "latent defect" from those allegedly cause by a "non-latent defect slip and fall." In the cases involving "latent defects," the court determined that, if the plaintiff proves that "the defect would have been revealed by a reasonable inspection of the premises, the owner is charged with constructive knowledge of said defect. Accordingly, there is no need to present evidence as to *how long* the defect was present, *as would be the case in a non-latent defect slip and fall*." (Emphasis added.) *Id.* at ¶ 28. Recently, in *Balcar v. Wal-Mart Store No. 2726*, 10th Dist. No. 12AP-344, 2012-Ohio-6027, ¶ 23, the Tenth District concluded that an injury allegedly sustained due to "a spill of clear liquid on the floor" did not involve a "latent defect." Because of this, the court determined that, despite the plaintiff's contention that a triable issue remained as to whether the store conducted "reasonable inspections," the plaintiff was required to demonstrate a triable issue as to *how long* the hazard had existed. *Id.* at ¶ 16, 23. We conclude that the allegations of the present case are analogous to those present in *Balcar*, as

we cannot discern of any allegation that Ms. Hidalgo's fall was attributable to a "latent defect" and Appellants have pointed to no evidence indicating how long the grape was on the floor. Accordingly, Appellants' reliance on *Collins* is misplaced.

{¶23} Under the circumstances of this case, in order to establish that a triable issue existed as to constructive notice, Appellants bore the burden of pointing to evidence from which the trier of fact could determine that the grape was on the floor for a sufficient time "to justify the inference that the failure to warn against it or remove it was attributable to a want of ordinary care." *See Johnson* at 589, *Peterson v. Giant Eagle, Inc.*, 9th Dist. No. 21772, 2004-Ohio-1611, ¶ 15 (affirming trial court's award of summary judgment to supermarket where customer who fell on two grapes failed to set forth sufficient evidence demonstrating a question of fact as to how long the grapes had been on the floor), quoting *Smith v. Playland Park, Inc.*, 9th Dist. No. 16688, 1994 WL 604127 (Nov. 2, 1994). *See also Worley v. Cleveland Pub. Power*, 77 Ohio App.3d 51, 54 (8th Dist.1991). Appellants pointed to no evidence from which a trier of fact could reasonably make this inference, and therefore, they failed to meet their reciprocal *Dresher* burden in regard to constructive knowledge.

{¶24} Based upon the foregoing, we conclude that Appellants failed to meet their reciprocal *Dresher* burden of establishing that a question of fact existed as to whether Costco created the hazard or had actual or constructive knowledge of the hazard. Therefore, the trial court did not err in granting summary judgment to Costco.

III.

{¶25} Accordingly, Appellants' sole assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

CARLA MOORE
FOR THE COURT

CARR, J.
CONCURS.

BELFANCE, J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

DOUGLAS S. HUNTER and CHANCE G. DOUGLAS, Attorneys at Law, for Appellants.

DENNIS R. FOGARTY and SHANNON FOGARTY, Attorneys at Law, for Appellee.