[Cite as *Honabarger v. Wayne Sav. Community Bank*, 2013-Ohio-2793.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

JOHN HONABARGER

     Appellant

     v.

WAYNE SAVINGS COMMUNITY
BANK, et al.

     Appellees

C.A. No.      12CA0058

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No.     12-CV-0109

DECISION AND JOURNAL ENTRY

Dated: June 28, 2013

HENSAL, Judge.

{¶1} Plaintiff-Appellant, John Honabarger, appeals from a judgment of the Wayne County Court of Common Pleas granting summary judgment to Defendants-Appellees, Wayne Savings Community Bank and Chesterland Productions, PLL. For the reasons set forth below, this Court reverses.

I.

{¶2} On June 18, 2008, John Honabarger visited a Wayne Savings Community Bank branch to conduct his banking. As he walked across the parking lot after he exited the building, he slipped on silt that had collected on the pavement. Honabarger's foot then caught in a hole filled with the silt, which caused him to fall face-first and suffer injury.

{¶3} Honabarger filed a complaint for personal injury against Wayne Savings Community Bank, which occupied the premises as a tenant, and Chesterland Productions, PLL, which owned the property. He also named two John Doe corporations as defendants. From the

record, it does not appear that service was perfected on these unknown corporations. Honabarger alleged that the Defendants negligently failed to maintain the parking lot in a safe condition. He also alleged that the Defendants were negligent for failing to fix the parking lot's pavement. The Defendants jointly moved for summary judgment on all of Honabarger's claims, which the trial court granted. Honabarger filed a timely appeal, and raises one assignment of error for our review.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT SINCE GENUINE ISSUES OF MATERIAL FACT EXISTED DEMONSTRATING THAT DEFENDANTS BREACHED THEIR DUTY OF CARE TO MAINTAIN THE PREMISES IN A REASONABLY SAFE CONDITION.

{¶4} Honabarger argues that the trial court erred by granting summary judgment in favor of the Defendants. This Court agrees.

{¶5} An appellate court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). "We apply the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party." *Garner v. Robart*, 9th Dist. No. 25427, 2011-Ohio-1519, ¶ 8. Pursuant to Civil Rule 56(C), summary judgment is proper if:

> (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). The movant must specifically identify the portions of the record that demonstrate an absence of a genuine issue of material

fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). If the movant satisfies this initial burden, the nonmoving party has a reciprocal burden to point to specific facts that show a genuine issue of material fact for trial. *Id.* The nonmoving party must identify some evidence that establishes a genuine issue of material fact, and may not rely upon the allegations and denials in the pleadings. *Sheperd v. City of Akron*, 9th Dist. No. 26266, 2012-Ohio-4695, ¶ 10.

{¶6} "To prevail in a negligence action, the plaintiff must show (1) the existence of a duty, (2) a breach of that duty, and (3) an injury proximately resulting from the breach." *Robinson v. Bates*, 112 Ohio St.3d 17, 2006-Ohio-6362, ¶ 21. The legal duty owed to the injured party is dictated by the relationship between the owner of the premises and the injured party. *Hidalgo v. Costco Wholesale Corp.*, 9th Dist. No. 12CA010191, 2013-Ohio-847, ¶ 7. A business invitee is a "person[ ] who come[s] upon the premises of another, by invitation, express or implied, for some purpose which is beneficial to the owner." *Mondi v. Stan Hywet Hall & Gardens, Inc.*, 9th Dist. No. 25059, 2010-Ohio-2740, ¶ 12, quoting *Light v. Ohio Univ.*, 28 Ohio St.3d 66, 68 (1986). There is no dispute that Honabarger was a business invitee. "A shopkeeper owes business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger." *Paschal v. Rite Aid Pharmacy, Inc.*, 18 Ohio St.3d 203, 203 (1985). "A shopkeeper is not, however, an insurer of the customer's safety." *Id.*

{¶7} In granting the motion for summary judgment, the trial court concluded that, "[t]he condition of the parking lot, as described by plaintiff in his deposition and as shown by several photographs was not an unreasonably dangerous condition." The Defendants argue that the silt and hole were trivial imperfections expected in any outdoor concrete surface. Such conditions, the Defendants maintain, are not unreasonably dangerous.

{¶8} The Ohio Supreme Court has declined to hold private property owners and occupiers liable as a matter of law for injuries due to minor or trivial imperfections that were not unreasonably dangerous, are commonly encountered and to be expected. *Helms v. American Legion, Inc.*, 5 Ohio St.2d 60 (1966), syllabus. The Supreme Court held in *Kimball v. City of Cincinnati*, 160 Ohio St. 370 (1953) that a height variation in pavement levels of one-half to three-fourths of an inch is a slight defect as a matter of law that precludes a finding of negligence. *Id.* at syllabus. *Helms* reaffirmed the holding in *Kimball*, and expanded its application to privately owned or occupied property. *Helms* at 62. The Ohio Supreme Court clarified in the case of *Cash v. Cincinnati*, 66 Ohio St.2d 319 (1982) that a court should consider all the attendant circumstances before determining that a defect is insubstantial as a matter of law. *Id.* at 324. *See also Neura v. Goodwill*, 9th Dist. No. 11CA0052-M, 2012-Ohio-2351, ¶ 15.

{¶9} Honabarger testified at his deposition that the silt, which he described as a very fine sand and stone combination that is sometimes used in construction, was not a material he would expect to see in a parking lot. He did not initially see the silt as he walked across the parking lot. When Honabarger slipped on the silt, his foot got caught in a hole. This caused silt to become dislodged from the hole. He could both see and feel the silt on the parking lot surface after he fell.

{¶10} Honabarger described the hole in the parking lot as "between six and ten inches in length * * * four and five inches in width" and "an inch, maybe two inches deep." He could not distinguish between the hole and the parking lot surface itself prior to his fall. While Honabarger banked at that particular Wayne Savings branch approximately once every two weeks for five years, he did not recall parking in that area of the lot before. He never saw the hole prior to the day of his fall, and did not know how long it was there.

{¶11} Honabarger testified at his deposition about photographs of the scene, which were offered as defense exhibits. The Defendants attached copies of photographs taken of the purported hole and what Honabarger acknowledged was a similar hole in support of their motion for summary judgment. The trial court mentioned in its decision that Honabarger's testimony, coupled with the photographs, do not demonstrate an unreasonably dangerous condition.

{¶12} Civil Rule 56(C) provides that a court may only consider as evidence the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence and written stipulations of fact when ruling on a motion for summary judgment. The record in this case is devoid of any photographs, other than copies of the photographs attached to the Defendants' motion for summary judgment. The copy of Honabarger's deposition filed with the trial court in support of the Defendants' motion for summary judgment does not include any exhibits, including the photographs. In addition, Honabarger's testimony did not definitively confirm that the photographs depicted the condition of the parking lot at the time of the incident. He testified that he was "pretty sure" that a photograph he was shown was the hole. He later stated that the photograph was "more than likely" of the hole. Honabarger did not take these now missing photographs, and was not present when they were taken.

{¶13} There is no sworn testimony, by affidavit or otherwise, upon which this Court can determine that the copies of photos attached to the Defendants' motion are the same photos that Honabarger testified to in his deposition or that they are copies of photos taken of the hole that allegedly caused Honabarger to stumble and then fall to the ground.

{¶14} In support of their motion, the Defendants also presented the affidavits of the general partner of Chesterland Productions, PLL, Jerry L. Baker, and the Wayne Savings Community Bank branch manager, who both deny actual knowledge of any hazardous condition.

Mr. Baker further averred that, "[a]fter [Honabarger's] alleged slip and fall, I personally inspected the subject property, including * * * [the] parking lot, and observed no conditions that posed any threat whatsoever to the safety of persons walking on or traveling through the * * * parking lot." Mr. Baker, through his affidavit, appears to challenge the existence of the hole and silt.

{¶15} Assuming, arguendo, that Mr. Baker and the branch manager, through their affidavits, do not challenge the existence of the hole and silt, they both aver that the parking lot conditions as they observed them do not rise to the level of a dangerous condition. Their affidavits make an impermissible legal conclusion about what constitutes a dangerous condition rather than setting forth specific facts about the parking lot conditions based on personal knowledge. *See* Civ.R. 56(E). *See also Cent. Mtge. Co. v. Elia*, 9th Dist. No. 25505, 2011-Ohio-3188, ¶ 15 (affidavit that set forth legal conclusion was insufficient to meet moving party's burden under *Dresher* to demonstrate a genuine issue of material fact).

{¶16} Viewing the evidence in a light most favorable to Honabarger, there is a genuine issue of material fact regarding both the existence of the silt and hole and whether those alleged conditions were unreasonably dangerous. Given Honabarger's testimony about the presence of the silt, the size of the hole, and its concealment from view, reasonable minds could conclude there was a hole in the parking lot that constituted an unreasonably dangerous condition. While the trial court was guided in part by the photographs attached to the Defendants' motion for summary judgment, this Court cannot conclude from these photographs that there is no genuine issue of material fact due to the fact that they are not in the record, and Honabarger did not unequivocally identify the hole in the pictures as the same one he tripped on.

{¶17} Because there is a genuine issue of material fact regarding the existence of the hole and the silt, this Court also cannot conclude from the totality of the circumstances that the silt and hole were trivial as a matter of law. Accordingly, the trial court erred in awarding summary judgment to the Defendants on the basis that the condition of the parking lot was not unreasonably dangerous.

{¶18} The trial court also granted summary judgment to the Defendants on the basis that Honabarger failed to proffer any evidence that the Defendants knew or should have known about the alleged dangerous parking lot condition.

{¶19} "[A]n owner 'owes a duty * * * to warn any invitees of latent or concealed defects of which the [owner] has or should have knowledge.'" *Herbst v. Riverside Community Urban Redevelopment Corp.*, 9th Dist. No. 26493, 2013-Ohio-916, ¶ 9, quoting *Campbell v. GMS Mgt. Co., Inc.*, 9th Dist. No. 16403, 1994 WL 108886, *1 (Mar. 30, 1994). "Constructive notice of a dangerous condition cannot be proven without a factual basis that the hazard existed for a sufficient time to enable the exercise of ordinary care." *Id.*, quoting *Smith v. Playland Park, Inc.*, 9th Dist. No. 16688, 1994 WL 604127, *1 (Nov. 2, 1994).

{¶20} Through his affidavit, Mr. Baker from Chesterland Productions, PLL, avers that:

I have personal knowledge of any and all repairs and maintenance performed at the property[.]

* * *

Prior to and since [Honabarger's] alleged slip and fall, I have personally visited and observed the subject property on nearly a daily basis, and at no time have I ever observed a hazardous, dangerous or otherwise defective condition[.]

After [Honabarger's] alleged slip and fall, I personally inspected the subject property, including the * * * parking lot, and observed no conditions that posed any threat whatsoever to the safety of persons walking on * * * the subject property[.]

**{¶21}** Honabarger argues that the Defendants would have had greater knowledge than he of the alleged dangerous condition because it was their parking lot. His testimony indicated that he believed the hole was caused when "something came and chipped away at the hole, probably snow plow or something like that."

**{¶22}** The Defendants' affidavits deny actual knowledge of an alleged "unreasonably dangerous condition" in the parking lot. However, they did not deny actual knowledge of the conditions of the parking lot as alleged by Honabarger. The Defendants cannot simply allege a legal conclusion to meet their burden under *Dresher* to demonstrate an absence of a genuine issue of material fact on the issue of actual knowledge of a dangerous condition. *Dresher*, 75 Ohio St.3d at 293.

**{¶23}** Likewise, the Defendants have not demonstrated an absence of constructive knowledge of such a condition. "An owner must * * * 'inspect the premises to discover possible dangerous conditions of which he does not know, and take reasonable precautions to protect the invitee from dangers which are foreseeable.'" *Greenwald v. Mapleside Farms, Inc.*, 9th Dist. No. 03CA0067-M, 2004-Ohio-111, ¶ 7, quoting *Perry v. Eastgreen Realty Co.*, 53 Ohio St.2d 51, 52 (1978). "An owner is charged with constructive knowledge of defects which would have been revealed by a reasonable inspection of the premises." *Beck v. Camden Place at Tuttle Crossing*, 10th Dist. No. 02AP-1370, 2004-Ohio-2989, ¶ 21. *But see Hidalgo*, 2013-Ohio-847, at ¶ 22 (declining to apply *Beck* due to the absence of a latent defect).

**{¶24}** The Defendants failed to present any evidence that they performed regular inspections of the property. Mr. Baker averred that he visited the property on "nearly" a daily basis and that he inspected the property after Honabarger's incident. Mr. Baker does not, however, indicate whether his visits entailed an inspection of the property, whether the parking

lot was the subject of any such inspections or how frequently the property was inspected. Further, while there is no evidence how long the alleged dangerous condition existed in the parking lot, the size of the hole itself, as described by Honabarger, suggested it was a condition that had existed for some time and could reasonably have been discovered through regular, diligent, inspections.

{¶25} The Defendants have failed to establish the absence of a genuine issue of material fact regarding whether or not they had constructive knowledge of the alleged dangerous parking lot condition. Because the Defendants failed to meet their threshold burden to identify an absence of a genuine issue of material fact, the burden did not shift to Honabarger to demonstrate that a question of fact remained. *Dresher*, 75 Ohio St.3d at 293. Since there was a genuine issue of material fact concerning whether the Defendants acted negligently, the trial court erred by granting summary judgment in their favor.

{¶26} The Defendants also argued in their motion for summary judgment and appellate brief that they are precluded from liability on Honabarger's claims by the open and obvious doctrine. It does not appear from the trial court's entry that it considered this argument in granting summary judgment. Because the trial court did not consider their argument in the first instance, we decline to do so now. *Schmucker v. Kurzenberger*, 9th Dist. No. 10CA0045, 2011-Ohio-3741, ¶ 14. Based upon the foregoing, this Court sustains Honabarger's assignment of error.

III.

{¶27} Honabarger's assignment of error is sustained. The judgment of the Wayne County Court of Common Pleas is reversed and the matter is remanded for proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

JENNIFER HENSAL
FOR THE COURT

MOORE, P. J.
BELFANCE, J.
CONCUR.


APPEARANCES:

RONALD A. APELT, Attorney at Law, for Appellant.

MARK F. FISCHER and JAMES A. DESMITH, Attorneys at Law, for Appellees.